ELIZABETH SCHMITT KUHL, EXRX., ET AL. v. MARGARETA REICHERT ET AL.

1. DECLARATIONS OF TESTATRIX COMPETENT TO SHOW TESTAMENTARY CAPACITY, BUT NOT CONTRARY INTENTION.

Oral declarations of a testratrix as to her testamentary intentions made during her last sickness and shortly after the execution of her will are not admissible to show an intention contrary to that expressed in the will nor to vary or contradict its terms, but are competent as tending to show the condition of her mind at the time the will was executed.

2. ERROR IN CHARGE NOT REVIEWED UNLESS ENTIRE RECORD SHOWS IT PREJUDICIAL.

An alleged error in a charge to the jury will not be reviewed where no exception was taken thereto at the time, unless it appears from the whole record that injustice has been done to the complaining party by reason thereof.

ERROR to court of common pleas of Hamilton county.

**Closs & Luebbert,** for plaintiff in error.

**Renner & Renner,** for defendant in error.

## GIFFEN, J.

No exception was taken to the charge of the court, and hence any alleged error therein will not be considered, unless upon the whole record it appears that injustice has been done to the party complaining.

That part of the charge now objected to is as follows:

"Declarations made by the testatrix at, before, and after the making of the purported will as to her intentions in making the will are admissible to prove not undue influence, but capacity and intention, and should be considered in determining the state of the testatrix's mind."

If the court meant that such declarations were competent to prove an intention other than that expressed in the will, it was erroneous, because oral testimony is no more admissible to vary or contradict the terms of a written will than the terms of a contract in writing; but concerning the other proposition in the charge, to wit: "Declarations made by the testatrix * * * should be considered in determining the state of the testatrix's mind," it is said in Page, Wills 474: "Any declarations of testator which tend to show the condition of his mind at the time that he made his will are admissible to determine his mental capacity at that date. So, statements made by testator relative to his intentions of disposing of his property are admissible, not for the purpose of contradicting the contents of his written will, but to show his state of mind at the time that he executed such will;" in support of which many cases are cited.

The strongest case cited by the plaintiffs in error in support of their contention that such declarations were inadmissible is Crocker v. Chase, 57 Vt. 413, the first proposition of the syllabus being as follows:

"The declarations of a testatrix, made subsequently to the execution of the will, and at a time when she was of sound mind, are not admissible for the purpose of showing her mental condition when the will was executed. There is no logical relation between such declarations and the fact sought to be proved; although it is otherwise when mental unsoundness exists at the time the declarations are made."

The difficulty encountered in applying this case to the one before us, is that it is not clear that the testatrix, Philipina Schmitt, was, at the time the declarations were made, of sound mind. The particular declarations complained of and recited on pages ten and eleven of the bill of exceptions were made at the time of her last sickness and shortly after the execution of the will. Her feeble condition by reason of her last sickness beginning a few weeks before the execution of the will, together with her advanced age, tended to corroborate the witnesses who were of the opinion that her mind was enfeebled.

We are of the opinion therefore that the declarations of the testatrix concerning her testamentary intentions were admissible to show the state of her mind at the time the will was executed, and if they were considered by the jury to prove undue influence it was not prejudicial because the

jury in answer to two special interrogatories found that the testatrix was not unduly influenced and did not have sufficient mental capacity to make a will at the time the will in question was executed.

The verdict of the jury was not so manifestly against the weight of the evidence as to require a reviewing court to set it aside.

The judgment will be affirmed.